983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TTM SYSTEMS, LTD., a Chinese Limited Company,
Defendant-Cross-claimant-Appellant,
v.
KMC TRADING, a California partnership,
Plaintiff-Cross-defendant-Appellee.
 No. 91-15999.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 22, 1992.
Decided Jan. 6, 1993.
 
 Before: CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 TTM Systems Ltd. ("TTM") appeals from the district court's award of attorney's fees to KMC Trading ("KMC") following the grant of KMC's motion to remand this action to state court, arguing that the district court misconstrued the 1988 amendment to 28 U.S.C. § 1447(c) and abused its discretion by awarding fees to KMC without finding that TTM either acted in bad faith or lacked a colorable ground for removal. We reject TTM's arguments and affirm.[1]
 
 DISCUSSION
 
 3
 The first question presented in this appeal need not detain us. The 1988 amendment to 28 U.S.C. § 1447(c) allows a district court the discretion to impose against a party who unsuccessfully removes a case to federal court a reasonable attorney's fee as part of the costs and expenses incurred by an opposing party without having to find that the removing party acted in bad faith. Moore v. Permanente Med. Group, Inc., Nos. 91-16160, 91-16263, slip op. 14337, 14348 (9th Cir. Dec. 10, 1992).
 
 
 4
 TTM's second argument, viz., that the award of fees was improper because the district court failed to find that TTM lacked a colorable ground for the removal, is equally meritless. By deleting the former requirement that the case must have been "removed improvidently", the amended statute shifts the object of our examination away from the intent of the removing party and focuses instead on such factors as the absence of subject matter jurisdiction or actions on the part of the defendant in state court that are inconsistent with removal.[2] Moore, slip op. at 14345, 14347-48.
 
 
 5
 In its order of April 5, 1991, granting KMC's motion to remand, the district court ruled that KMC was entitled to its reasonable expenses under section 1447(c), based on the court's finding that, inter alia, TTM's removal had been untimely and TTM had waived its right to remove by seeking affirmative relief in state court. At the conclusion of the hearing on June 14, 1991, the district court explained in some detail why it had decided to allow KMC to recover, as part of its costs and expenses, the attorney's fees KMC had incurred in defending against TTM's improper removal.
 
 
 6
 It is clear from the district court's remand order and the transcript of the hearing that the trial court carefully weighed the facts of the removal in light of the applicable law in reaching its conclusion that TTM's decision to remove had been improper and warranted its having to pay KMC's attorney's fees. TTM's arguments to the contrary, buttressed by selective quotations from the transcript, are unpersuasive and illustrate the old adage, "Text out of context is mere pretext."
 
 
 7
 We turn finally to the question of whether the award of $15,913 in attorney's fees and costs constituted an abuse of discretion. TTM argues that this was a simple remand case and, because KMC's counsel conceded that he didn't spend--or needn't have spent--much time on it, it is outrageous for KMC to bill 104.1 hours for the work done. While we concede that the size of the fee award strikes us as somewhat large given the nature of the case, we conclude from our review of the record that TTM's argument misrepresents both the state of this record and the comments of KMC's attorney at oral argument.
 
 
 8
 We first note that TTM has challenged neither the reasonableness of KMC's hourly billing rate nor any of the specific items charged as costs in KMC's redacted bills submitted to the district court. Moreover, the district court record, consisting of three volumes with a total of thirty-eight entries, reveals that during the 4 1/2 months the case was before the district court, scarcely a week went by without the parties filing something or seeking a hearing on some issue relating to the validity of the remand. Finally, of the 104.1 hours billed by KMC's counsel, almost half (48.6) were charged for work done after the district court had granted the motion to remand. The bulk of this time expended by KMC's counsel might best be described as reactive in nature, i.e., responding to repeated challenges by TTM not only to the size of the fee bill submitted, but also to TTM's attempted relitigation of the grounds for the remand order.
 
 
 9
 In light of these considerations, we decline to hold that the district court abused its discretion in awarding KMC its fees and costs in the amount of $15,913.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties neither dispute the propriety of the remand nor contest this court's jurisdiction over the attorney's fee issue. See 28 U.S.C. § 1447(d) (generally precluding review on appeal of remand order); Schmitt v. Insurance Co. of N. Am., 845 F.2d 1546, 1551 (9th Cir.1988). ("The fact that section 1447(d) bars review of the district court's order of remand does not affect our jurisdiction to review that portion of the district court's order awarding attorney's fees to the plaintiffs")
 
 
 [2]
 We might add as another factor the existence of a procedural defect in the removal itself, though we note that, to hold as TTM urges would effectively require us to review the propriety of the remand order itself in order to determine whether, e.g., a "substantial justification" existed therefor. This we cannot do. See Moore, slip op. at 14346-47